# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| ANITA LOPEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>ARAMARK UNIFORM & CAREER APPAREL, INC., A Delaware Corporation,<br><br>    Defendant. | No. C03-4015-MWB<br><br>**MEMORANDUM ORDER AND OPINION REGARDING DEFENDANT'S SUPPLEMENTAL MOTION FOR AN EVIDENTIARY HEARING TO DETERMINE JUROR MISCONDUCT AND FOR NEW TRIAL** |
| MARICELA VILLALPANDO,<br><br>    Plaintiff,<br><br>vs.<br><br>ARAMARK UNIFORM & CAREER APPAREL, INC., A Delaware Corporation,<br><br>    Defendant. | C03-4030-MWB |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *B. Arguments Of The Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        *1.    The defendant's arguments* . . . . . . . . . . . . . . . . . . . . . . 4
        *2.    The plaintiffs' arguments in resistance* . . . . . . . . . . . . . . . . 5
        *3.    The defendant's reply* . . . . . . . . . . . . . . . . . . . . . . . . . 6

*II. DISCUSSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *A. Entitlement To An Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . 7
    *B. Federal Rule Of Evidence 606(b)* . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Not surprisingly, following a rather large jury verdict in favor of the plaintiffs in this employment discrimination dispute, the defendant alleges certain juror misconduct requires a new trial be granted. Specifically, the defendant requests this court hold an evidentiary hearing to determine the extent of the alleged misconduct. The plaintiffs have resisted the defendant's request asserting the facts alleged by the defendant fail to justify an evidentiary hearing and that the defendant's fishing expedition should not be rewarded. Thus, the issue currently before the court is whether the defendant has alleged facts warranting postverdict scrutiny of juror conduct in this case. Upon a thorough review of the facts and circumstances surrounding the defendant's request, this court concludes the defendant's broadly-cast fishing net is unquestionably devoid of any "catch."

## *I. INTRODUCTION AND BACKGROUND*

Given the nature of the defendant's allegations, a brief synopsis of the relevant background leading up to the defendant's current motion is necessary to the court's analysis. Accordingly, the court will proceed to briefly summarize the procedural and factual background of this case.

## A. *Procedural Background*

Plaintiffs Anita Lopez (Case No. C03-4015-MWB) and Maricela Villalpando (Case No. C03-4030-MWB0 filed separate law suits against their former employer, defendant Aramark Uniform & Career Apparel, Inc., (hereinafter "Aramark" or "defendant") each asserting claims of hostile environment sexual harassment, *quid pro quo* sexual harassment, and retaliation for complaining about sexual harassment. In addition, Villalpando contended constructively discharge by Aramark as the result of sexual harassment and retaliation. By order dated March 18, 2004 (Doc. No. 19), the court consolidated the plaintiffs' separate lawsuits for trial. A five-day jury trial commenced on October 31, 2005. The jury returned a verdict in favor of both plaintiffs on their claims of hostile environment sexual harassment and retaliation (Doc. No. 60).[1] More specifically, with respect to Anita Lopez, the jury found Lopez proved her hostile environment sexual harassment claim and awarded her $30,000.00 in past emotional distress damages and $250,000.00 in punitive damages In addition, the jury found in Lopez's favor on her claim of retaliation and awarded her $5,000.00 in past emotional distress damages and $10,000.00 for punitive damages. With respect to Maricela Villalpando, the jury awarded her $30,000.00 in past emotional distress damages, $10,000.00 in backpay and $250,000.00 in punitive damages on her hostile environment sexual harassment claim. In addition, Villalpando received an award of $5,000.00 for past emotional distress and $10,000.00 for punitive damages with respect to her claim of retaliation.

On November 16, 2005, Aramark filed a Motion To Contact Jurors (Doc. No. 64)

---

[1] Only the hostile environment sexual harassment and retaliation claims were submitted to the jury.

in order to ascertain the jurors' opinions and impressions of the trial. The court granted this motion with respect to counsel for both parties on November 28, 2005 (Doc. No. 69). Aramark further filed a Renewed Motion For Judgment As A Matter Of Law And, Alternatively For New Trial And Remittitur Of All Amounts Awarded (Doc. No. 65) on November 18, 2005. An Amended Motion was filed on November 21, 2005 (Doc. No. 68).[2] On January 10, 2006, the defendant filed a Supplemental Motion For An Evidentiary Hearing To Determine Juror Misconduct And For New Trial (Doc. No. 82). On February 2, 2006, the plaintiffs filed their resistance to the defendant's motion (Doc. No. 87). On February 8, 2006, the defendant filed its reply to the plaintiffs' resistance (Doc. No. 89). The parties have each filed briefs in support of their respective positions, and the court now deems this matter fully submitted.

### B. Arguments Of The Parties

#### 1. The defendant's arguments

The defendant contends that during November 29, 2005 and January 9, 2006, it engaged in "good faith efforts" to communicate with various jurors via telephone interviews pursuant to the court's order permitting such contact. Defendant's Supplemental Motion For An Evidentiary Hearing To Determine Juror Misconduct And

---

[2]The court has not ruled on this motion at this time. The defendant's brief was not filed until February 2, 2006, because of delays in receiving the transcript of the proceedings. On February 15, 2006, the plaintiffs filed an Unresisted Motion For Extension Of Time To File Brief In Support of Resistance To Defendant's Memorandum For Judgment As A Matter Of Law (Doc. No. 90), which this court hereby granted, extending the plaintiffs' deadline until March 3, 2006 to file their brief in support of their resistance. Accordingly, the defendant's original motion for judgment as a matter of law is not yet ripe to rule upon and this order will only address the issues raised in the defendant's supplemental motion at this time.

For New Trial (Doc. No. 82), at 2. During one of these interviews, the defendant contends it was apprised of certain juror misconduct that allegedly occurred during jury deliberations. *Id.* at 2-3. Specifically, the defendant avers Juror Jamey French stated she felt there was unfair pressure during the jury deliberations because two of the female jurors revealed during deliberations they had been sexually abused. *Id.* at 3. The defendant further contends Juror French stated that "ninety-nine percent of why the verdict was so high" was because of the past sexual abuse of these two female jurors. *Id.* In support of its contentions, the defendant submitted the affidavit of Attorney Anita L. Dhar, which documents the telephonic interview that occurred with juror Jamey French. Dhar Aff. (Doc. No. 82, Attachment 1), at 1-2. Armed with this information, the defendant contends that the two female jurors deliberately concealed their sexual abuse during voir dire and that an evidentiary hearing is necessary in order to determine whether it received a fair and impartial jury in the trial of this matter.

### 2. *The plaintiffs' arguments in resistance*

In their combined resistance, the plaintiffs contend the court should deny the defendant's Supplemental Motion For An Evidentiary Hearing. First, the plaintiffs argue that Federal Rule of Evidence 606(b) prohibits the defendant's attempted inquiry into the validity of the verdict. The plaintiffs assert the evidence the defendant seeks to introduce consists of testimony regarding the subjective prejudices or improper motives of other jurors. Under Rule 606(b), the plaintiffs argue this type of evidence in inadmissable. Further, even if the testimony is admissible evidence under Rule 606(b), the plaintiffs contend the defendant failed to preserve its objection to the empaneled jury because it failed to make a proper inquiry during voir dire. The plaintiffs point out that neither the court, nor counsel, asked the jurors directly if they had ever been sexually abused. The only question that remotely touched upon the subject was a question inquired of by the

5

court as to whether any of the jurors or their family members or close friends had ever been the victims of sexual harassment or any other type of discrimination. The plaintiffs argue that is not the same question as whether anyone had ever been sexually abused, and therefore, that the defendant's contention that the two female jurors deliberately concealed information is without merit. Finally, the plaintiffs argue that even if the court were to hold a hearing, the testimony of Juror French would not support the defendant's allegations. In support of this contention, the plaintiffs supplanted their resistance with an affidavit of Juror French essentially contradicting Anita Dhar's affidavit recounting her conversation with Juror French. Accordingly, the plaintiffs request this court deny the defendant's request for an evidentiary hearing.

### 3. *The defendant's reply*

In reply, the defendant argues that Federal Rule of Evidence 606(b) does not apply to the situation presented. The defendant points out that Rule 606(b) contains an exception, which essentially allows a juror to testify on the question of whether extraneous prejudicial information was improperly brought to the jury's attention. The defendant contends it is "hard pressed" to think how else the prior sexual abuse of a juror or jurors would be classified. Defendant's Reply To Plaintiff's Resistance To Motion For Evidentiary Hearing To Determine Juror Misconduct And For New Trial (Doc. No. 89), at 2. In addition, the defendant asserts that the questions asked by this court during voir dire made it clear that information regarding prior sexual abuse should have been disclosed. Specifically, the defendant points out that following the court's question with respect to whether any juror or a family member or close friend had been the victim of sexual harassment or any other type of discrimination, one juror revealed she had a daughter who alleged she had been sexually harassed by the mother's boyfriend outside of the workplace. Thus, the defendant argues it was clear that the scope of the court's

question was not limited to the employment context. In addition, the defendant points out that the court also asked generalized questions with respect to the jurors' abilities to be fair and impartial and that none of the jurors indicated they could not be fair and impartial. Accordingly, the defendant contends error was properly preserved because the two female jurors deliberately concealed the information requested of them. Finally, the defendant contends it was inappropriate for the plaintiffs to supply the affidavit of Juror French because the issues cannot be resolved through affidavits. Rather, if the burden has been met, the correct procedural step is an evidentiary hearing in order to resolve the factual disputes between the parties. Accordingly, the defendant urges the court to grant its request for an evidentiary hearing.

## II. DISCUSSION

Essentially, this court views the questions presented by this controversy as being two-fold: First, whether the defendant is entitled to a hearing regarding its claims of juror misconduct, and if so, whether Rule 606(b) would preclude presentation of the evidence the defendant seeks to introduce. The court will address both of these arguments in turn.[3]

### A. *Entitlement To An Evidentiary Hearing*

The mere fact that postverdict allegations of juror bias or misconduct are made does not automatically entitle the moving party to an evidentiary hearing. *See United States v.*

---

[3] The court will not address the parties' disagreement over what Juror French may or may not have said during her telephone interview with Attorney Dhar at this time. The court would only be able to resolve such a factual dispute following an evidentiary hearing on the merits of the defendant's motion. Accordingly, the only questions currently before the court are whether the defendant is entitled to a hearing, and if so, whether the evidence the defendant seeks to introduce can properly be admitted under Federal Rule of Evidence 606(b).

*Caldwell*, 83 F.3d 954, 957 (8th Cir. 1996) (holding the district court acted within its discretion in finding the defendant's "nebulous allegations" were insufficient to warrant further investigation); *see also McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984) (Blackmun, J., concurring) (indicating that the decision to conduct a post-trial hearing to determine juror bias remains within the " trial court's option"); *United States v. Williams*, 77 F.3d 1098, 1100 (8th Cir. 1996) ("The district court has broad discretion in handling allegations of juror misconduct and its decision will be affirmed absent an abuse of discretion."); *United States v. Wiley*, 997 F.2d 378, 383 (8th Cir. 1993) ("[A] district court has broad discretion in handling allegations of juror misconduct."); *United States v. Moses*, 15 F.3d 774, 778 (8th Cir. 1994) ("Not every allegation . . . requires an evidentiary hearing."); *accord United States v. Angulo*, 4 F.3d 843, 847 (9th Cir. 1993) ("An evidentiary hearing is not mandated *every* time there is an allegation of jury misconduct or bias."). Obviously, limitations on judicial resources preclude the courts from ferreting out every allegation of possible bias or guaranteeing perfection during trial. Furthermore, a barrage of postverdict scrutiny could impede the deliberation process of the jury or lead to juror harassment. *See Tanner v. United States*, 483 U.S. 107, 121-22 (1987) ("Moreover, full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct."). Needless post-trial interviews of jurors would thus seriously threaten the effectiveness and undermine our current jury system. *See id.* (noting that the current jury system would likely not survive efforts at perfection). Thus, before ordering a post-trial evidentiary hearing, a district court must first determine whether an allegation of juror misconduct based on concealed bias even warrants further investigation. *See Caldwell*, 83 F.3d at 957.

Here, the defendant's claim of concealed juror bias is based on and controlled by *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984). In *McDonough*, the plaintiff uncovered that one of the jurors had failed to respond to a question during voir dire inquiring into whether anyone in his family had suffered a serious accident. *Id.* at 550. Apparently, the juror's son had previously sustained a broken leg in an explosion of a truck tire. *Id.* at 550-51. The respondents moved for a new trial, which the district court denied. *Id.* at 551. On appeal, the Court of Appeals for the Tenth Circuit reversed the judgment of the district court and ordered a new trial. *Id.* at 549. The Tenth Circuit held that the juror's failure to respond demonstrated bias essentially because it revealed the juror had a peculiarly narrow view of what qualified as a "serious injury" and ordered a new trial. *Id.* at 549, 551-52. The United States Supreme Court granted certiorari, and held that the respondents were not entitled to a new trial unless the juror's failure to disclose denied the respondents their right to an impartial jury. *Id.* at 549. Writing for a plurality, Justice Rehnquist stated:

> We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

*Id.* at 556.

Pursuant to the Supreme Court's guidance in *McDonough*, the Eighth Circuit has provided the district courts with explicit guidance. Essentially, in order to be entitled to an evidentiary hearing, a claimant must make a sufficient showing of a *McDonough*-type irregularity sufficiently alleging facts that establish the following three things about the voir dire: "1) that [the juror in question] answered dishonestly, not just inaccurately; 2) that

9

[the juror] was motivated by partiality; and 3) that the true facts, if known, would have supported striking [the juror] for cause." *United States v. Tucker*, 137 F.3d 1016, 1026 (8th Cir. 1998). Unfortunately, the court agrees with the plaintiffs that the defendant has failed to meet this standard under the facts alleged.

The first requirement for proof of this claim requires consideration of whether or not the juror " 'could have honestly believed' " that no response to the pertinent voir dire question was required. *See id.* at 1028. This, in turn, requires consideration of whether the answer (or presumably, the lack of an answer), was "reasonable." *Id.* In its new trial motion, the defendant contends the two jurors deceived the court by not responding to certain questions asked by the court during voir dire. For example, this court posed the following question to the jurors: Have any of you or any other family members or any close friends ever been the victim of sexual harassment or any other type of discrimination?" (Trial Transcript 46: 11-13). The defendant contends this should have put the jurors on notice that past sexual abuse and similar sexual misconduct experienced by either a juror or a family member was pertinent information. This court disagrees. First, the jury was never directly asked if they had been the victims of sexual abuse. The court's relatively narrow question outlined above was clearly limited in its scope to sexual harassment and other instances of discrimination. Incidents of sexual harassment and workplace discrimination are substantively distinct from incidents of sexual abuse. The two jurors' answers (or lack thereof, in this case) were thus, honest, complete and correct because sexual abuse does not fall into the category of "sexual harassment or any other type of discrimination." Such broad post-trial interpretations of voir dire questions have typically been rejected by the Eighth Circuit. *See United States v. Wright*, 119 F.3d 630, 636 (8th Cir. 1997) (holding that "law enforcement officer" did not encompass a tribal children's court judge); *Williams*, 77 F.3d at 1100-01 (finding juror did not deliberately

conceal information when she was asked if she knew the defendant, Marcus Williams, which she responded she did not, but she did know another man by that same name whom the defendant contended was responsible for the crimes) ; *Bolin v. Black*, 875 F.2d 1343, 1350 (8th Cir. 1989) (finding term "incarcerated" did not include an individual on probation); *see also United States v. Rushing*, No. 93-3745, 1994 WL 131757, at *1 (8th Cir. Apr. 15, 1994) (holding that "family" does not include a girlfriend's son). Here, the two jurors at issue did not deliberately conceal any bias or even answer incorrectly. Rather, they correctly answered the questions posed.

The defendant further relies on two general questions posed by this court during voir dire. First, after informing the jury pool that the case involved allegations of sexual harassment, this court inquired: Anything about the nature of the case or anything about you as a juror that would affect your ability to be fair and impartial in the case? Anything come to mind on any of you? Anybody believe that you could not be a fair and impartial juror in the case?" (Trial Transcript 50:2-6). The defendant also points to the following question asked by the court: "If you were either of the plaintiffs or the defendant in this case, would you be content to have your case tried by a jury of people in the same frame of mind in which you now find yourself? Please raise your hand if the answer is no. In other words, if you don't think you'd be a fair juror, we want to know about it." (Trial Transcript 50:7-12). These questions do not lend credence to the defendant's arguments. There is nothing in the record that establishes the two jurors deceived the court by not answering affirmatively to these general questions regarding bias. A similar argument was presented, and summarily rejected in *Robinson v. Monsanto Co.*, 758 F.2d 331, 334 (8th Cir. 1985). There, the plaintiff discovered that a real estate office employing one of the jurors received listings from the defendant for property owned by the defendant's employees who were being transferred. *Id*. The plaintiff contended the juror should have

11

disclosed the relationship in response to counsel's general questions regarding each juror's ability to remain impartial.[4] *Id.* The Eighth Circuit affirmed the lower court's denial of the plaintiff's motion for an evidentiary hearing. *Id.* at 335. In rejecting the plaintiff's appeal, the Eighth Circuit agreed that no direct questions were asked concerning the jurors' business relations with the defendant company and thus, concluded that the plaintiff failed to demonstrate deliberate concealment of any information. *Id.* Further, the court noted that the alleged information failed to indicate probable bias in favor of the defendant with respect to the legal claim asserted. *Id.* For these same reasons, the defendant's claims in the current controversy also must fail. Here, while clearly given the opportunity to do so in voir dire, the defendant failed to ask any direct questions regarding the past sexual abuse of the potential jurors. If the defendant was interested in this topic, it had an obligation to ask more probing questions during voir dire in order to ferret out this type of sensitive and specific information. It would be wholly unreasonable for this court to conclude, as the defendant suggests, that such general questions into bias in a workplace discrimination case required affirmative responses by two jurors who were previous victims of sexual abuse, in entirely unrelated instances, both legally and factually, to the case before the jury. Further, the defendant has failed to demonstrate, as was the case in *Robinson*, that the prior instances of sexual abuse with respect to the two jurors in any way indicated probable bias with regard to a claim involving workplace discrimination under Title VII. The defendant has failed to support its motion with what is required—substantiated, nonspeculative allegations of material, pre-existing bias. There has been no showing whatsoever that the two jurors deliberately concealed information or

---

[4] In *Robinson*, the most applicable question asked with respect to this point was: "Is there anything in your employment situation which you can think may have created some bias or prejudice on your part?" *Robinson*, 758 F.2d at 334 n.2.

failed to answer honestly the questions asked during voir dire. Under these circumstances, an evidentiary hearing is not warranted and the defendant's objection to the jurors has been waived.[5] *See Williams*, 77 F.3d at 1100-01; *Moses*, 15 F.3d at 778. To endorse the defendant's allegations, would essentially permit such a post-trial inquiry in every case and would incorrectly burden jurors with the responsibility of being able to infer what

---

[5]This conclusion is in accord with Eighth Circuit precedent which suggests that a defendant may waive a post-trial claim of juror bias if the defendant does not "diligently and timely discover the relevant information." *See United States v. Humphreys*, 982 F.2d 254, 261 (8th Cir. 1992). In *United States v. Humphreys*, the Eighth Circuit stated:

> It is the defendant's duty to investigate, to question, and to assert a challenge *prior* to the return of the verdict. If actual bias or prejudice is revealed an obvious challenge for cause is timely presented. If not, the court may still determine the necessity of taking remedial action, such as the seating of an alternate juror. In an effort to obtain a new trial, it is incumbent upon the defendant to clearly demonstrate that the juror's lack of qualifications presented actual bias or prejudice, affecting the juror's impartiality and impacting the fairness of the trial. *A challenge after the verdict without such a showing comes too late.*"

*Id.* (emphasis added) (citing *Shotwell Mfg. Co. v. United States*, 371 U.S. 341 (1963)). Thus, under Eighth Circuit precedent, the failure to make the necessary inquiries during voir dire to expose bias can result in waiver of objections to a juror. *See Williams*, 77 F.3d at 1100-01 (finding an evidentiary hearing was not warranted because defense counsel assumed the risk by failing to conduct a thorough voir dire); *Johnson v. Armontrout*, 961 F.2d 748, 754 (8th Cir. 1992) ("When a defendant fails to object to the qualifications of a juror, he is without remedy only if he fails to prove actual bias."); *Robinson*, 758 F.2d at 335 ("[T]he right to challenge a juror is waived by failure to object at the time the jury is empaneled if the basis for the objection might have been discovered during voir dire.") (citing *Johnson v. Hill*, 274 F.2d 110, 116 (8th Cir. 1960); *Morrison v. Ted Wilkerson, Inc.*, 343 F. Supp. 1319, 1331-32 (D. Mo. 1971)).

information, no matter how remote, is relevant, as opposed to requiring counsel to solicit the information pertinent to the case. This court will not validate such a fishing expedition, and believes the better approach places the burden on counsel to ask questions of a specific nature with respect to facts that may be important in voir dire.

Even were the court to assume "dishonesty" in the two jurors' failure to report their prior sexual abuse-which, again, the court cannot reasonably do-the court cannot find that there is any evidence that any juror "was motivated by partiality." *Tucker*, 137 F.3d at 1026 (second requirement of a "concealed bias" claim). As mentioned above, there is nothing in the record that suggests the two jurors' experiences with sexual abuse were in any way related to the case decided by the jury. Even if the jurors' responses were incomplete, there is nothing to suggest that the inaccurate answers were motivated by partiality. More than likely, the lack of responsiveness on behalf of these jurors was influenced by myriad factors, all impartial in nature, such as embarrassment and shame or privacy concerns with respect to an extremely emotional and sensitive topic that is not easily shared or discussed in private, much less volunteered before an entire courtroom of people.

Finally, assuming *arguendo*, the two jurors had revealed their prior sexual abuse to the parties' during voir dire, the court has considerable doubt that any reasonable judge or party would have excused them on that basis alone. *Id.* (the third element of a "concealed bias" claim requires proof that "the true facts, if known, would have supported striking [the juror] for cause"). Only if the juror professed an inability to set aside the experience, or the court did not find the juror's testimony that he or she could put aside the comments to be credible-either of which is hard to imagine given the fact neither juror indicated as such in the court's general questioning regarding bias-would any reasonable judge or party have even contemplated striking the jurors. Not only is this conclusion

supported by logic, it is further supported by the actual record in this case. During voir dire, one juror indicated her daughter had previously filed a "sexual harassment" claim against her boyfriend. She was then asked if this experience would impact her potential fairness as a juror to which the responded, "I don't think so." This juror was not dismissed for cause by the court, nor did either counsel request the juror be struck after the juror assured the parties she could remain fair and impartial. Notably, neither attorney asked the juror further questions regarding this experience. Accordingly, it is highly unlikely that either the court or counsel would have struck the two jurors for cause simply because of their prior experiences with sexual abuse. Indeed, the record suggests otherwise.

Consequently, the court concludes the defendant's allegations are woefully inadequate under *McDonough* and its progeny. Accordingly, because the defendant has failed to assert sufficient facts demonstrating a prima facie case that its right to a peremptory challenge was prejudicially impaired, the court **denies** the defendant's motion for an evidentiary hearing.

### B. *Federal Rule Of Evidence 606(b)*

Even if the defendant satisfied the standard for an evidentiary hearing or was able to prove actual bias, to hold a hearing under the facts before this court would be entirely unproductive due to the limitations embodied in Federal Rule of Evidence 606(b). To prevail on its claims of juror misconduct, the defendant would have to produce evidence of the alleged misconduct that is not barred by Rule 606(b). This rule provides as follows:

> (b) Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything

> upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

*Fed. R. Evid.* 606(b). Thus, "Federal Rule of Evidence 606(b) prohibits any inquiry into internal jury deliberations." *Moses*, 15 F.3d at 778. The Rule "is grounded in the common-law rule against admission of jury testimony to impeach a verdict and the exception for juror testimony relating to extraneous influences." *Tanner*, 483 U.S. at 121. The Supreme Court explained the rationale of the rule as follows:

> There is little doubt that postverdict investigation into juror misconduct would in some instances lead to the invalidation of verdicts reached after irresponsible or improper juror behavior. It is not at all clear, however, that the jury system could survive such efforts to perfect it. Allegations of juror misconduct, incompetency, or inattentiveness, raised for the first time days, weeks, or months after the verdict, seriously disrupt the finality of the process. Moreover, full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct.

*Id.* at 121-22 (citations omitted). Rule 606(b) embodies the distinction developed by the federal courts that precludes inquiry into the subjective deliberative processes of a jury, but permits such testimony as to objective events or incidents that are classified as "extraneous" or external influences on a jury. *See Tucker*, 137 F.3d at 1030; *Caldwell*,

83 F.3d at 956; *Scogin v. Century Fitness, Inc.*, 780 F.2d 1316, 1318 (8th Cir. 1985). The defendant's contention is that the two jurors' alleged prior personal experiences fall within the exception to Rule 606(b) because such experiences constitute "extraneous prejudicial information." This court disagrees. Although the breadth of the exception is imprecise, it is clear that a juror may testify as to extra-record facts introduced into the jury room or the presence of an improper influence on the deliberations of the jury such as in the case of communications or contacts between jurors and litigants, the court, or other third parties. *See United States v. Duzac*, 622 F.2d 911, 913 (5th Cir. 1980); *Smith v. Brewer*, 577 F.2d 466 (8th Cir.), *aff'g* 444 F. Supp. 482 (S.D. Iowa 1978); *Gov't of Virgin Islands v. Gereau*, 523 F.2d 140, 148-49 (3d Cir. 1976); *see also United States v. Bohr*, 581 F.2d 1294, 1302 & n.11 (8th Cir. 1978); *Wilson v. Vt. Castings*, 977 F. Supp. 691, 694-95 (M.D. Pa. 1997). In contrast, juror testimony regarding the subjective prejudices or improper motives of individual jurors has been held to be encompassed by the rule, as opposed to, as the defendant contends, within the exception. *See id*. This court finds the Fifth Circuit's analysis in *Duzac* to be instructive and decidedly on point:

> Here, there is no evidence that any external influence was brought to bear on members of the jury. The prejudice complained of is alleged to be the product of personal experiences unrelated to this litigation. The proper time to discover such prejudices is when the jury is being selected and peremptory challenges are available to the attorney. Although the jury is obligated to decide the case solely on the evidence, its verdict may not be disturbed if it is later learned that personal prejudices were not put aside during deliberations.

622 F.2d at 913; *see also Martinez v. Food City, Inc*. 658 F.2d 369, 374 (5th Cir. 1981) (quoting *Duzac*). As such, even if the defendant could meet the high standard necessary to require an evidentiary hearing in the matter, Rule 606(b) would preclude introduction

of the very evidence the defendant relies upon. It is a fact that jurors will bring with them to deliberations their life experiences. Indeed, how jurors perceive the evidence and judge the credibility thereof will be indubitably shaded by such experiences. "When such information becomes part of the deliberative process, it becomes sacrosanct under Rule 606(b). *Wilson*, 977 F. Supp. at 695. The situation complained of by the defendant in this case is not a situation in which a juror conducted outside research or was contacted by a third party and then relayed the information to fellow jurors. This was simply a matter of two jurors drawing upon their prior life experiences and utilizing those experiences in the course of deliberations. Further inquiry, under Rule 606(b), is therefore, inappropriate.

### III. CONCLUSION

For the reasons fully set forth above, the defendant's Supplemental Motion For An Evidentiary Hearing To Determine Juror Misconduct And For New Trial (Doc. No. 82) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of February, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA